# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORETTA L. COLHOCKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 18-1082 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| UPMC MCKEESPORT HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant's Motion to Dismiss (Doc. 15) Count V of the Second Amended Complaint[1] will be granted.

As Plaintiff concedes, she cannot properly recast her claims for employment-discrimination/wrongful-discharge under the common law. *See* Adams v. City of Greensburg, 2018 WL 1318068, *7 (W.D. Pa. Mar. 14, 2018) ("Pennsylvania common law claims for wrongful discharge on the basis of [employment discrimination] have been preempted by the state's statutory scheme[, ]the PHRA") (citations omitted). Plaintiff nevertheless posits that Defendant violated independent public policies by "altering, concealing and/or omitting her employment documents," and breaching an unidentified "employment contract that consisted of both written terms and oral representations." Pl.'s Opp'n Br. (Doc. 17) at 2 (citing allegations in Complaint).

The Court agrees with Defendant that Plaintiff has not supplied sufficient information to state a plausible-claim for relief. Neither in the Complaint, nor in her opposition brief,

---

[1] Doc. 14 (hereinafter referred to as "the Complaint")

does Plaintiff indicate what documents were tampered-with − or what contract formed − either expressly, or on information and belief.  Absent more information – which, if it existed, must be known to Plaintiff (or else, her lawyer would not know to so-plead) − she has not satisfied the standards under *Iqbal*/*Twombly*.

Often, plaintiffs who are challenged through a motion to dismiss are able to identify addition facts/information shedding light on their putative claim(s).  And, although a party cannot properly amend her pleadings through briefing, at least those circumstances might allow a court to construe the "new" facts as a request for leave to amend.  No such information has been supplied here; and, thus, there is no reason to believe that the deficiencies are curable.

Frankly, the Court is somewhat perplexed by counsel's insistent pursuit of what appear to be rather tenuous legal claim(s) when Plaintiff has perfectly viable claims under the federal and state anti-employment-discrimination statutes.  The practical import of the present foray seems even more dubious, given that the purported tampering with employment-documents is directly-related (and relevant) to Plaintiff's pretext narrative.  *See* 2d Am. Compl. at ¶¶ 20-22 (claiming Plaintiff "was terminated as a result of requesting a reasonable accommodation [for her] known disability"; Defendant's agent "conceal[ed] and alter[ed] information to ensure that Plaintiff would be terminated"; and "Defendant's proffered reasons for her termination [we]re pretextual[,] and the actual motivation was based upon her disability and request for a reasonable accommodation").  The Court of Appeals for the Third Circuit recently has eschewed similar efforts.  *See* Mazuka v. Amazon.com, 730 Fed. Appx. 117, 119-20 (3d Cir. Apr. 12, 2018) (rejecting plaintiff's effort to "cast" defendant's alleged-misstatements under the rubric of fraudulent misrepresentation, because "the essential conduct of which [he] complain[ed wa]s not related to . . . alleged misrepresentation[s] of . . . company policy," but, rather, that defendant

"discriminated against him in the workplace based on his disability, terminating his employment instead of providing him with an accommodation").

Although there appears a strong inclination by the bar, at-large, to engage every conflict, and concede nothing, the Court's hope springs eternal that litigants can learn to pick their battles. For this one, Plaintiff comes out on the losing end, and Defendant's Motion (**Doc. 15**) to Dismiss Count V is **GRANTED**.

IT IS SO ORDERED.


May 28, 2019                                     s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record